IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Qualls,<br><br>                    Plaintiff,<br><br>vs.<br><br>Town of McBee, Barbara Lisenby, and Terri King,<br><br>                    Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

The Plaintiff Michael Qualls, complaining of the Defendants, above-named, alleges and says as follows:

1. Plaintiff Michael Qualls is a citizen and resident of Florence County, South Carolina.

2. Defendant Town of McBee is a municipality within the Chesterfield County, South Carolina that is subject to suit.

3. Defendant Barbara Lisenby is a citizen and resident of the State of South Carolina, and at all relevant times, has been employed as the Municipal Judge of the Town of McBee. Lisenby is sued in her individual capacity.

4. Defendant Terri King is a citizen and resident of the State of South Carolina, and at all relevant times, has been employed as the Clerk of Court of the Town of McBee. King is sued in her individual capacity.

5. As set forth more fully below, the incidents out of which this action arises occurred in Chesterfield County, South Carolina.

6. Venue is proper in this Court, and this Court has both subject matter and personal jurisdiction over all claims and parties.

## FACTUAL BACKGROUND

7. Defendant Town of McBee operates and is responsible for the McBee Municipal Court, its employees and proceedings.

8. Defendant Town of McBee does not have its own police force. Since May 15, 2017, Defendant Town of McBee has contracted with the Sheriff of Chesterfield County to issue traffic tickets, warrants, municipal violations, and the like within its boundaries.

9. On or about July 8, 2019, in the morning hours, Deputy Justin Reichard charged Plaintiff with several traffic violations, including driving under suspension, and arrested him.

10. Plaintiff met with Defendant Lisenby at the jail on July 8, 2019, who insisted that she would give Plaintiff a personal recognizance bond if Plaintiff would promise to pay the tickets.

11. Plaintiff was never read his *Faretta* warnings, and no recording of this proceeding was made by any of the Defendants.

12. Plaintiff was released on a personal recognizance bond the following day.

13. Plaintiff's court appearance date was set for September 12, 2019, which Plaintiff attended.

14. Plaintiff asked Defendant Lisenby for additional time to work on issues with his license and insurance and also asked to speak to an attorney.

15. Plaintiff did not plead guilty to any of the charges and did not sign a guilty plea form.

16. Defendant Lisenby initially granted Plaintiff's request for a continuance on September 12, 2019.

17. Prior to him leaving the building, agents of Defendant Town of McBee began to question if Plaintiff had driven himself to Court and did not allow him to leave.

18. The agents of Defendant Town of McBee returned Plaintiff to face Defendant Lisenby.

19. Plaintiff requested a jury trial on his charges.

20. Plaintiff's request for a jury trial was denied by Lisenby.

21. Plaintiff asked for a lawyer or public defender.

22. Plaintiff's request for counsel was denied by Lisenby.

23. Upon information and belief, Defendant Town of McBee has no public defender and has no contractual relationship with a public defender's office.

24. Defendant Lisenby acted as investigator and prosecutor and performed her own investigation in Plaintiff's charges and called the Department of Motor Vehicles personally to obtain records about Plaintiff which she allowed herself to introduce in Court.

25. Defendant Lisenby called Plaintiff a liar.

26. By admission of Defendant Lisenby, she elected to find Plaintiff or in her words, "that black guy," guilty without any trial whatsoever, acting as prosecutor, witness, and judge within the same proceeding.

27. Minimal, if any, record was kept of these proceedings. Upon information and belief, this lack of record keeping is an intentional policy decision by the Defendants to prevent oversight.

28. Defendants had no court staff monitoring the courtroom or keeping records which upon information and belief is an intentional policy decision to prevent oversight.

29. None of the Defendants acted to stop these acts against Plaintiff despite actual knowledge that it was happening.

30. Plaintiff was found guilty without a trial and without an opportunity for counsel and was sentenced to jail time.

31. Attorney Julian Marsh attempted to file a letter of representation for Plaintiff after he was found guilty along with several motions.

32. Defendant King promptly called Attorney Marsh to inform him that he was filing too much and that he was wasting their ink.

33. Defendant King refused to provide filed copies of these motions or the letter, and otherwise refused to allow Marsh to meaningfully represent the Plaintiff's interests.

34. Defendant Lisenby then called and informed Attorney Marsh that there would be no additional proceedings for Plaintiff, that she would not provide a hearing, and again called Plaintiff a liar.

35. Plaintiff's father paid full fines for Plaintiff to be released from jail.

36. Defendant Town of McBee has an official policy instructing defendants paying fines by money order or cashier check to make then payable to "Town Judge."

37. Defendant Lisenby and Defendant King were allowed to perpetrate these acts on Plaintiff and violate his constitutional rights pursuant to a lack of training and supervision from Defendant Town of McBee, as well as their officially adopted or well-promulgated policy, well-established custom and practice, and pursuant to the actions and decisions of final policymakers.

38. Plaintiff incurred substantial damages, as a direct and proximate result of Defendants' acts and omissions. Plaintiff has endured loss of freedom, unlawful incarceration,

fright, anxiety, embarrassment, humiliation, mental anguish, emotional distress and depression, as well as personal and professional reputational damage.

## FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983 Against all Defendants)

39. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

40. At all times mentioned herein, the Defendants acted under the color of state law.

41. The Defendants violated the Plaintiff's rights afforded to him under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as described above, and as summarized below:

   a. By violating the Plaintiff's First Amendment right to petition for a redress of grievances and access the courts;

   b. By failing to read Plaintiff his *Faretta* warnings;

   c. By denying the Plaintiff the right to counsel;

   d. By denying the Plaintiff the right to a jury trial;

   e. By denying the Plaintiff the right to a fair trial;

   f. By performing non-judicial acts, including investigating Plaintiff, presenting evidence, and prosecuting Plaintiff;

   g. By causing the Plaintiff to be detained unlawfully;

   h. By failing to allow Plaintiff to file motions or other papers;

   i. By failing to allow Plaintiff to appeal or otherwise access the court;

   j. By failing to provide Plaintiff due process;

   k. By engaging in conduct that shocks the conscience;

   l. By defaming plaintiff and altering his legal status (stigma-plus claim);

  m. By subjecting the Plaintiff to differing and unique treatment as compared to others similarly situated without any rational basis for doing so, and for arbitrary, vindictive, or malicious reasons;

  n. By otherwise initiating, continuing, and failing to take steps within their power to cease, illegal criminal process against and detention of the Plaintiff.

42. The constitutional rights violated by the Defendants were clearly established at the time that the Defendants violated them.

43. The actions of Defendant Lisenby and Defendant King with respect to Plaintiff were not judicial acts that are normally done by officials in their positions.

44. In carrying out the above conduct, Defendants were acting pursuant to customs, usages, practices, procedures, policies, and rules of Defendant Town of McBee. Throughout the time period described above, it was the clear and established policy and practice of the Defendants to not have a clerk present and not to record bond proceedings, hearings, or any other proceedings other than trials in the Municipal Court of the Town of McBee. Witness testimony was also not written down and signed by the witnesses as required by S.C. Code § 22-3-790. As a result, due to this established policy and practice, there is virtually no record of the facts described herein related to Plaintiff. Further, prior to and after the events in question, the policy and practice of Defendant Town of McBee was to provide no supervision of Defendant Lisenby and Defendant King or anyone else in the Municipal Court of the Town of McBee. The Defendants also maintain a well-established culture and clear and established policy of failing to provide counsel or a public defender for defendants charged with crimes within the Town of McBee, failing to read defendants their *Faretta* warnings, failing to allow defendants to file items with the clerk, offering criminal defendants personal recognizance bonds in exchange for them agreeing to pay monies to

Defendant Town of McBee, and allowing Defendant Lisenby and Defendant King to perform tasks other than judicial acts and at times act as investigator and prosecutor.  Finally, the actions at issue in this case were carried out by the final policymaker(s) for Defendant Town of McBee.  All of this was a driving force behind the violations of the Plaintiff's constitutional rights.

45. As a direct and proximate result of the Defendants' deliberate, reckless, deliberately indifferent, malicious, and/or bad faith acts and omissions, the Plaintiff was, among other things: deprived of his liberty without Due Process of Law; wrongfully arrested and prosecuted; wrongfully detained and incarcerated, as well as all of the physical, emotional, and pecuniary injuries proximately caused by the same.

46. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.  The Plaintiff seek all available remedies under the law, including all available actual and punitive damages, as well as reimbursement of attorneys' fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1985(2) (Clause 2) Against all Defendants)

47. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

48. At all times mentioned herein, Defendants acted with racial and invidious discriminatory animus toward Plaintiff due to the fact that he is black.

49. At all times mentioned herein, Defendants intentionally conspired to deprive Plaintiff of the equal protection of the laws and of the equal privileges and immunities under the laws.

50. Defendants acted in furtherance of this conspiracy to obstruct the course of justice in the Municipal Court of the Town of McBee, as summarized below:

a. By violating the Plaintiff's First Amendment right to petition for a redress of grievances and access the courts;

b. By failing to read Plaintiff his *Faretta* warnings;

c. By denying the Plaintiff the right to counsel or a public defender;

d. By denying the Plaintiff the right to a jury trial;

e. By denying the Plaintiff the right to a fair trial;

f. By performing non-judicial acts, including investigating Plaintiff, presenting evidence, and prosecuting Plaintiff;

g. By calling Plaintiff a liar;

h. By causing the Plaintiff to be detained unlawfully;

i. By failing to allow Plaintiff to file motions or other papers;

j. By failing to allow Plaintiff to appeal or otherwise access the court;

k. By failing to provide Plaintiff due process;

l. By engaging in conduct that shocks the conscience;

m. By defaming plaintiff and altering his legal status (stigma-plus claim);

n. By subjecting the Plaintiff to differing and unique treatment as compared to others similarly situated without any rational basis for doing so, and for arbitrary, vindictive, or malicious reasons;

o. By otherwise initiating, continuing, and failing to take steps within their power to cease, illegal criminal process against and detention of the Plaintiff.

51. As a direct and proximate result of the Defendants' deliberate, reckless, deliberately indifferent, malicious, and/or bad faith acts and omissions, the Plaintiff was, among other things: deprived of his liberty without Due Process of Law; wrongfully arrested and prosecuted;

wrongfully detained and incarcerated, as well as all of the physical, emotional, and pecuniary injuries proximately caused by the same.

52. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial. The Plaintiff seek all available remedies under the law, including all available actual and punitive damages, as well as reimbursement of attorneys' fees and costs.

**FOR A THIRD CAUSE OF ACTION**
**(43 U.S.C. Section 1985(3) Against all Defendants)**

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

54. At all times mentioned herein, Defendants acted with racial and invidious discriminatory animus toward Plaintiff due to the fact that he is black.

55. At all times mentioned herein, Defendants intentionally conspired to deprive Plaintiff of the equal protection of the laws and of the equal privileges and immunities under the laws.

56. There was an agreement or meeting of the minds of Defendants to deprive Plaintiff of the constitutional rights set forth herein.

57. Defendants acted in furtherance of this conspiracy, as summarized below:

    a. By violating the Plaintiff's First Amendment right to petition for a redress of grievances and access the courts;

    b. By failing to read Plaintiff his *Faretta* warnings;

    c. By denying the Plaintiff the right to counsel or a public defender;

    d. By denying the Plaintiff the right to a jury trial;

    e. By denying the Plaintiff the right to a fair trial;

    f. By performing non-judicial acts, including investigating Plaintiff, presenting evidence, and prosecuting Plaintiff;

    g. By calling Plaintiff a liar;

    h. By causing the Plaintiff to be detained unlawfully;

    i. By failing to allow Plaintiff to file motions or other papers;

    j. By failing to allow Plaintiff to appeal or otherwise access the court;

    k. By failing to provide Plaintiff due process;

    l. By engaging in conduct that shocks the conscience;

    m. By defaming plaintiff and altering his legal status (stigma-plus claim);

    n. By subjecting the Plaintiff to differing and unique treatment as compared to others similarly situated without any rational basis for doing so, and for arbitrary, vindictive, or malicious reasons;

    o. By otherwise initiating, continuing, and failing to take steps within their power to cease, illegal criminal process against and detention of the Plaintiff.

58. As a direct and proximate result of the Defendants' deliberate, reckless, deliberately indifferent, malicious, and/or bad faith acts and omissions, the Plaintiff was, among other things: deprived of his liberty without Due Process of Law; wrongfully arrested and prosecuted; wrongfully detained and incarcerated, as well as all of the physical, emotional, and pecuniary injuries proximately caused by the same.

59. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial. The Plaintiff seek all available remedies under the law, including all available actual and punitive damages, as well as reimbursement of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment against the Defendants for all damages available to the Plaintiff, including all available actual and punitive damages, in an amount to be determined by a jury, as well as attorneys' fees and expenses, for interest, for all other available damages under applicable law, and for such other relief as the Court deems just and proper.

    /s/ Kyle White
Kyle White (Fed. ID No. 11774)
Drew Bradshaw (Fed. ID No. 11680)
White Davis and White Law Firm
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
Telephone: (864) 231-8090
kyle@wdwlawfirm.com
drew@wdwlawfirm.com


Skyler Hutto (Fed. ID No. 13471)
Williams & Williams
P.O. Box 1084
1281 Russell Street
Orangeburg, SC 29116
Telephone:  (803) 534-5218
skyler@williamsattys.com

Anderson, South Carolina
July 8, 2022                            Attorneys for the Plaintiff