IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Qualls, | ) | CASE NO: 4:22-CV-02186-RBH0KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT TOWN OF MCBEE'S |
| Town of McBee, Barbara Lisenby, and | ) | ANSWER |
| Terri King, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

Defendant Town of McBee ("Defendant"), by and through the undersigned legal counsel, does hereby timely and properly Answer the Plaintiff's Complaint (herein referred to as "Complaint") as follows:

1. Defendant denies every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified or explained.

2. Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

3. Defendant admits so much of the allegations contained in Paragraphs 2 as alleges that Defendant is a municipality within Chesterfield County, South Carolina, which is a political subdivision of the State of South Carolina, entitled to all protections and defenses afforded by the South Carolina Tort Claims Act, S.C. Code Ann. Section 15-78-10 *et seq.*; any and all other allegations are denied.

4. Defendant is without sufficient information to admit or deny the allegations of Paragraphs 3 and 4 of the Complaint and therefore denies same and demands strict proof thereof.

5. Defendant denies the allegations contained in Paragraph 5 and demands strict proof thereof.

6. Paragraph 6 requires no response from Defendant. To the extent it is deemed to require a response, Defendant denies the allegations and demands strict proof thereof.

7. Defendant is without sufficient information to admit or deny the allegations of Paragraphs 7 – 8 of the Complaint and therefore denies same and demands strict proof thereof.

8. As to Paragraph 9, Defendant admits that as a result of a lawful traffic stop, Plaintiff was arrested on July 8, 2019. Defendant denies any and all remaining or inconsistent allegations and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraphs 10 – 11 and demands strict proof thereof.

10. Defendant is without sufficient information to admit or deny the allegations of Paragraphs 12 – 13 of the Complaint and therefore denies same and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraphs 14 – 30 and demands strict proof thereof.

12. Defendant is without sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint and therefore denies same and demands strict proof thereof.

13. Defendant denies the allegations contained in Paragraphs 32 – 38 and demands strict proof thereof.

## AS TO THE FIRST CAUSE OF ACTION

14. Defendant denies every allegation that is not expressly admitted, qualified or explained.

15. Defendant denies the allegations of Paragraphs 39 – 46 and demands strict proof thereof.

## AS TO THE SECOND CAUSE OF ACTION

16. Defendant denies every allegation that is not expressly admitted, qualified or explained.

17. Defendant denies the allegations of Paragraphs 47 – 52 and demands strict proof thereof.

## AS TO THE THIRD CAUSE OF ACTION

18. Defendant denies every allegation that is not expressly admitted, qualified or explained.

19. Defendant denies the allegations of Paragraphs 53 – 59 and demands strict proof thereof.

20. Defendant denies that Plaintiff is entitled to the relief sought in the final Paragraph of the Complaint beginning with "WHEREFORE," or to any other relief from Defendant.

## FOR A FIRST AFFIRMATIVE DEFENSE
### (Qualified Immunity)

21. Defendant's acts, conduct, and/or omissions did not violate the Plaintiff's clearly established statutory or constitutional rights and were reasonable under settled law. Therefore, Defendant is entitled to qualified immunity from suit.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (Eleventh Amendment Immunity)

22. To the extent that the Plaintiff is asserting claims against Defendant in any official capacity, it is immune from suit by virtue of the Eleventh Amendment to the United States Constitution.

## FOR A THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

23. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

## FOR A FOURTH AFFIRMATIVE DEFENSE
### (Failure to Meet Statutory Definition of a "Person")

24. Defendant is not a "person" subject to suit under 42 U.S.C. § 1983.

## FOR A FIFTH AFFIRMATIVE DEFENSE
### (No Legal Basis for any Award of Punitive Damages)

25. At no time were Defendant's alleged actions, conduct or omissions motivated by evil motive or intent and/or reckless or callous indifference to the Plaintiff. As well, any award of punitive damages against Defendant is violative of both the United States Constitution and the South Carolina Constitution. Accordingly, any award of punitive damages is not proper in this case.

## FOR A SIXTH AFFIRMATIVE DEFENSE
### (Constitutionality)

26. The acts, conduct, and/or omissions complained of by the Plaintiff were both constitutional and lawful.

## FOR A SEVENTH AFFIRMATIVE DEFENSE
### (The South Carolina Tort Claims Act)

27. Defendant is entitled to the limitations and defenses contained within the provisions of S.C. Code § 15-78-10 *et seq*. (said sections commonly being referred to as "the South Carolina Tort Claims Act"), including but not limited to: S.C. Code § 15-78-30, S.C. Code § 15-78-60(1), (2), (3), (4), (5), (17), (20), (21), (23), and (25); S.C. Code § 15-78-70; S.C. Code § 15-78-100, S.C. Code § 15-78-110; S.C. Code § 15-78-120; and S.C. Code § 15-78-200.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Public Duty Rule)

28. Plaintiff's claims are barred by the Public Duty Rule.

## FOR A NINTH AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

29. As to the Plaintiff's state law claims, if any, Defendant is entitled to sovereign immunity from suit.

## FOR A TENTH AFFIRMATIVE DEFENSE
### (Objective Reasonableness)

30. Defendant's acts, conduct, and/or omissions were objectively reasonable.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Justification/Lawfulness)

31. The acts, conduct, and/or omissions of Defendant were legally justified and lawful.

## FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiff's Sole Negligence/Comparative Negligence)

32. Plaintiff's injuries and damages alleged, if any, were due to and proximately caused by his sole, primary, and/or contributing negligence, gross negligence, willfulness, and/or wantonness. Plaintiff's claims are, therefore, barred in their entity. Alternatively, Plaintiff's recovery, if any, should be reduced in proportion to his negligence, gross negligence, willfulness, and/or wantonness.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (No Supervisory Liability)

33. Supervisory liability may not be based on a *respondeat superior* basis. Thus, to the extent that Defendant is being sued in any supervisory capacity, all such claims cannot lie.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (Heck v. Humphrey)

34. Plaintiff's claims are barred by the holdings of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny, since recovery in the instant action by the Plaintiff would necessarily imply the invalidity of his underlying criminal conviction(s).

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### (No Deprivation of a Constitutional Right)

35. Plaintiff's claims do not rise to the level of a deprivation of a constitutional right.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### (No Actual Injury)

36. Plaintiff suffered no actual injury as a result of the claims alleged.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### (The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Precludes the Bringing of a Civil Action by a Prisoner for Mental or Emotional Injury)

37. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), precludes the bringing of a civil action by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

38. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches and Unclean Hands)

39. Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE
### (Acts/Omissions of Others)

40. Any damages suffered by Plaintiff, which are denied, may have been caused by the acts or omissions of parties or third-parties other than Defendant, over whom Defendant had no responsibility, authority or control, and such is a complete bar to Plaintiff's claims.

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Insufficiency of Service of Process)

41. The process and/or sufficiency of process upon Defendant is/was insufficient.

## FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

42. Plaintiff's claims under 42 U.S.C. § 1983 are barred because the doctrine of *respondeat superior* is not a basis for recovery thereunder.

## FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

43. Plaintiff assumed the risk for his acts, conduct, and/or omissions.

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Probable Cause)

44. Any arrest, imprisonment, and/or detention of the Plaintiff were supported by probable cause and valid under the law, which bars Plaintiff's claim(s).

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

45. Plaintiff's alleged injuries, if any, were proximately and solely caused by an independent, efficient and/or intervening cause(s), for whom or for which Defendant is neither liable nor responsible.

## FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

46. Plaintiff's claim(s) are barred by the applicable statute of limitations.

## FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Illegality)

47. Plaintiff is barred from pursuing his civil claims in this case, since his claim(s) allegedly arose in connection with his illegal actions.

## FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Improper Identification)

48. Defendant may be improperly identified.

## FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Discretionary Immunity)

49. Plaintiff's claims are barred by the doctrine of Discretionary Immunity.

## FOR A THIRTIETH AFFIRMATIVE DEFENSE
### (No Unconstitutional Policy)

50. Any policy statements, ordinances, regulations, statutes, or decisions complained of by Plaintiff were/are not unconstitutional.

## FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Truth)

51. Any communications made by Defendant were true and not actionable.

### FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Self-publication)

52. Plaintiff's defamation claims are barred by the self-publication rule to the extent any alleged defamatory statements were published to others by Plaintiff and/or Plaintiff's agents.

### FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Absolute, Qualified or Conditional Privilege)

53. Any alleged defamatory statements are protected by an absolute, qualified, or conditional privilege so as to completely bar Plaintiff's defamation claim(s).

### FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE
#### (Reliance on Defenses of Others)

54. Defendant reserves the right to rely upon any defenses raised by other Defendants to the extent applicable to this Defendant.

### FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (Natural Disease Process)

55. Any and all personal injuries claimed by the Plaintiff were the result of a natural disease process.

### FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Constitutional Right to be Free from Emotional Distress)

56. To the extent that Plaintiff is asserting a claim under § 1983 for emotional injuries as a result of his arrest and detention, his claim fails. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916, 107 S. Ct. 1369, 94 L. Ed. 2d 686 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989).

### FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE
#### (No Custom or Usage)

57. The complained of acts, conduct and/or omissions of the Defendant fail to reflect practices so permanent and well settled as to constitute a custom or usage with the force of law.

### FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Reservation)

58. Defendant reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

**DEMAND FOR JURY TRIAL**

59. Defendant requests a jury trial as to all genuine issues of material fact, should any exist.

WHEREFORE, having fully Answered Plaintiff's Complaint herein, Defendant prays that this Honorable Court deny the relief requested by the Plaintiff, dismiss this action in its entirety, enter judgment in its favor, award it all reasonable attorney's fees and costs, and grant such other and further relief as this Honorable Court deems just, equitable, and proper.

WILLCOX, BUYCK & WILLIAMS, P.A.

By:     /s/ Katherine M. Ryan_____
Katherine M. Ryan #11927
248 West Evans Street
P.O. Box 1909 (29503-1909)
Florence, South Carolina 29501
Telephone: (843) 662-3258
Facsimile: (843) 662-1342
Email: kryan@willcoxlaw.com
ATTORNEY FOR DEFENDANT
TOWN OF MCBEE

August 9, 2022
Florence, South Carolina

8