# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Qualls, | ) | Case No.: 4:22-cv-02186-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **BARBARA LISENBY AND TERRI** |
| Town of McBee, Barbara Lisenby, and Terri King, | ) | **KING'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Defendants Barbara Lisenby ("Judge Lisenby") and Terri King ("King"), (hereinafter collectively "Defendants"), by and through their undersigned counsel, to hereby move this Court for an Order granting Dismissal in Defendants' favor. Defendants so move pursuant to FED. R. CIV. P. 12b(b)(6) on the grounds that Plaintiff has failure to state a claim upon which relief can be granted and Defendants are entitled to judgment as a matter of law. A separate memorandum of law does not accompany this Motion because a full explanation of the Motion as required by LOCAL CIV. RULE 7.04 (D.S.C.) is contained within this motion and a separate memorandum would serve no useful purpose.

## **FACTS**

Plaintiff filed his complaint alleging constitutional violations against Town of McBee judge, Barbara Lisenby ("Judge Lisenby"), and Town of McBee town clerk, Terri King ("King"). In the Complaint, Plaintiff alleges that on July 8, 2019, he was arrested for several traffic

1

violations, including driving under suspension. Doc. No. 1, ¶ 9). Plaintiff goes on to allege that after his arrest, Judge Lisenby told him she would grant him a personal recognizance bond if he would promise to pay the tickets. He further alleges that he was released and a court appearance date was set for September 12, 2019. On September 12, 2019, Plaintiff apparently drove to the court appearance and requested a continuance. After the continuance was granted, unnamed agents of the Town of McBee returned Plaintiff to face Judge Lisenby where he allegedly requested a jury trial and a public defender. Plaintiff alleges these requests were denied. (Doc. No.: 1, ¶¶ 13-22).

At some point, Plaintiff alleges that Judge Lisenby performed her own investigation and called the Department of Motor Vehicles and obtained records which she then introduced into evidence at court. Plaintiff also alleges that Judge Lisenby called him a liar and found him guilty. (Doc. No. 1, ¶¶ 24-30).

After he was found guilty, Plaintiff hired an attorney who Plaintiff alleges attempted to file a letter of representation and motions. Plaintiff further alleges that King, who was the town clerk at the time, called Plaintiff's attorney and told him he was "filing too much" and was "wasting their ink." Plaintiff also alleges that King refused to provide him with filed copies of the letter and the motions, and that then Judge Lisenby called Plaintiff's attorney and said there would be no additional proceedings for Plaintiff. Eventually, Plaintiff's father paid the fines for Plaintiff and he was released from jail. (Doc. No. 1, ¶¶ 31-36).

All of Plaintiff's allegations arise from complaints related to Judge Lisenby's and King's performances of their duties as part of the judicial process. Notably, nowhere in the Complaint does Plaintiff allege that any actions taken by Judge Lisenby and King were done outside the course and scope of their employment as town judge and town clerk.

## **Motion to Dismiss Standard**

A motion to dismiss is the usual and proper method for testing the legal sufficiency of plaintiff's complaint, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990)). Rule 12(b)(6) requires dismissal when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, and, in evaluating a motion to dismiss, "a court must accept the factual allegations of the complaint as true" and must draw all reasonable inferences from the alleged facts in the plaintiff's favor. *GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). However, a dismissal should be granted when warranted, and a plaintiff must carry his burden of sufficiently stating facts that support each element of a claim. *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002).

While a plaintiff's complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or merely a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Accordingly, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citation omitted), to one that is "plausible on its face" and not simply "conceivable." Id. at 570. A determination of plausibility is a "context-specific task" that draws on "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). In making this determination, a court may evaluate which of the plaintiff's allegations are "entitled to the assumption of truth because they are factually supported, and which of the allegations should be treated as legal conclusions. *Id*. at 1950. After distinguishing the plaintiff's well-pleaded facts from any legal conclusions, a court should determine which of those factual allegations support a "plausible claim

for relief." *Id*. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

## Argument

### I. Judge Lisenby is entitled to dismissal under the doctrine of absolute judicial immunity.

Municipal courts are part of the South Carolina unified judicial system. *See* S.C. Code Ann. §§ 14-1-40, 14-1-70(8). Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (stating that judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 351–64, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987) (dismissing a suit against two Virginia state magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Faile v. S.C. Dept. of Juvenile Justice*, 350 S.C. 315, 566 S.E.2d 536 at 540–41 (S.C.2002) (recognizing judicial and quasi-judicial immunity under the South Carolina Tort Claims Act and South Carolina common law); *Thomas v. Charleston*, 2017 WL 11562553 at * 4 (D.S.C. Sept. 5, 2017) (recognizing absolute judicial immunity for judicial actions). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

A judge is not entitled to judicial immunity if: "(1) they did not have jurisdiction to act; (2) the act did not serve a judicial function; or (3) the suit is for prospective, injunctive relief only" *Stump*, 435 U.S. at 357; *Faile*, 566 S.E.2d at 540–41.

In the present case, Judge Lisenby is a municipal judge who Plaintiff alleges was working within the course and scope of her employment as a municipal judge. (Doc. No. 1, ¶ 3). Plaintiff never alleges that Judge Lisenby did not have jurisdiction to act, that any of her acts did not serve a judicial function, and the suit is not for injunctive relief. In fact, Plaintiff tacitly admits that the acts were judicial functions in his complaint, but only alleges the acts were "not normally done by officials in their positions." (Doc. No. 1, ¶ 43).

Plaintiff, therefore, has failed to plead sufficient facts that Judge Lisenby acted "in the clear absence of all jurisdiction" or satisfied any recognized exception to the state's application of judicial immunity. While Plaintiff appears to allege malice and corruption in his complaint, as the Supreme Court has noted, this is insufficient.[1] Accordingly, Judge Lisenby is absolutely immune from suit for monetary damages, even if their actions were done in error, maliciously, or in excess of their authority. *See Stump*, 435 U.S. 357 n. 7; *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

## II.  King is entitled to dismissal under the doctrine of absolute quasi-judicial immunity.

Municipal clerks of court are part of the South Carolina unified judicial system. See S.C. Code Ann. §§ 14-1-40, 14-1-70(8). Absolute judicial immunity not only applies to judges, but to "non-judicial officers performing tasks so integral or intertwined with the judicial process that

---

[1] "[The judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

5

these persons are considered an arm of the judicial officer who is immune." *McQuatters v. Town of Irmo Corp.*, 2011 WL 3555689, at * 4 (D.S.C. July 27, 2011). "[C]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972); *see also Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive); *Harden v. Bodiford*, 2009 WL 3417780 at * 4 (D.S.C. Oct. 21, 2009) (holding Greenville County clerk of court entitled to immunity when performing quasi-judicial functions); *Robinson v. South Carolina*, 2013 WL 4505419, at * 3 (D.S.C. Aug. 22, 2013) (holding Dillon County clerk of court entitled to immunity from suit); *see also Thomas v. Charleston County*, 2017 WL 11562553 (D.S.C., Sept. 5, 2017); *Abeb v. Propes*, 2011 WL 2581385 (D.S.C. June 3, 2011); *Taylor v. Brooks*, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), cert denied 137 S.Ct. 183 (2016). Indeed, even if a clerk is acting intentionally, it would not deprive the clerk of absolute quasi-judicial immunity. *See Hamilton v. United States, D.O.J.*, 2020 WL 7001153, at * 3 (D.S.C. Aug. 26, 2020) (citing *Stump*, 435 U.S. at 356, 98 S.Ct. 1099).

In the present case, Plaintiff alleges that King was the clerk of court for the Town of McBee. (Doc. No. 1, ¶ 4). Plaintiff never alleges that any action taken by King was outside the scope of her employment as the clerk of court. The crux of Plaintiff's allegations against King were that she told Plaintiff's attorney after he was found guilty that he was "wasting their ink" and refused to provide his attorney with filed copies of motions or a letter of representation. (Doc. No. 1, ¶¶ 32-33). As was the case with Judge Lisenby, Plaintiff never alleges that King did not have jurisdiction to act, that any of her acts did not serve a judicial function, and the suit is not for injunctive relief.

Even if the Court somehow concluded that Plaintiff's Complaint can be construed to allege King somehow lacked jurisdiction or her acts did not serve a judicial function, none of her actions actually constitute a violation of any constitutional right. Plaintiff has not cited, and Defendants are not aware of, any constitutional right to receive copies of motions or letters of representation. In fact, the South Carolina Criminal Rules of Evidence on motions mentions nothing about the Clerk of Court sending back filed copies. Indeed, it is unclear what civil rights violation Plaintiff alleges King committed as there is no constitutional right to a filed copy of a motion or letter of representation, and Plaintiff has cited no constitutional right, statute, law, or even procedure requiring the Town of McBee and King to provide him with a filed copy of a motion or letter of representation.

Because there are no allegations that King acted without jurisdiction or that her acts did not serve a judicial function, she is entitled to quasi-judicial immunity. Furthermore, even if she is not entitled to quasi-judicial immunity, there are not sufficient allegations to support a cause of action for a violation of any right the Plaintiff has under the United States Constitution, the South Carolina Constitution, or any statute or law. For these reasons, Plaintiff's Complaint against King should be dismissed.

## CONCLUSION

For the reasons stated above, Judge Lisenby and King should be dismissed from this case, with prejudice.

*(Signature Page Following)*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

/s/ Richard E. McLawhorn, Jr.
Richard E. McLawhorn, Jr., **Federal Bar No.: 11441**
Aaron J. Hayes, **Federal Bar No.: 11196**
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
**ATTORNEYS FOR DEFENDANTS BARBARA LISENBY AND TERRI KING**

Columbia, South Carolina

September 8, 2022